Case 45—Action by W. A. Burkhart against the Trustees of Vine Grove Common School District for Mandamus to Compel Them to Levy a Tax to Pay His Judgment for Supplies Furnished by Him to Said School District.—May 31.

# Burkhart v. Trustees Vine Grove Common School District.

Appeal from Hardin Circuit Court—Weed S. Chelf, Circuit Judge.

Judgment fot Defendants and Plaintiff Appeals. Reversed.

School Districts—Levy and Collection of Taxes by Trustees.

Under Ky. St., 1903, sec. 4444, providing that, unless there are sufficient funds on hand which may be used to pay the con-

tingent expenses incident to conducting the school comfortably, the trustees shall assess, and the treasurer of the district shall collect, a capitation tax of $1.50, or less, on all persons having children attending the school of the district, to be used to pay for fuel and other things needful to keep the school house warm, clean and comfortable, where plaintiff furnished fuel for the school for several years, he is entitled to have a sum sufficient to pay for the fuel furnished by him each year levied and collected from the patrons of the school for that year, if the maximum tax of $1.50 was not levied and collected for that year.

R. L. STITH, ATTORNEY FOR APPELLANT.

Our contention is that under sec. 4444, Ky. Statutes, providing that "unless sufficient funds are on hand which may be used to pay contingent expenses incident to conducting the school comfortably, etc., the trustees shall assess and the treasurer shall collect a capitation tax of $1.50 or less on all persons having children attending the common school of the district," does not mean all persons having children attending the common school of the district for that year, and if not so assessed for that year that the right to collect is lost. Such construction would render the words at the beginning of the section "unless there are sufficient funds on hand which may be used, etc," meaningless and of no effect.

2. Appellant is not estopped from collecting his claim because he was one of the trustees for some of the years he furnished coal. He was only one member of the board and had no power except in common with the other members.

### CITATIONS.

Com. v. Holidy, 98 Ky., 616; Smithers v. McGinnis, 18 R., 134; Newell v. Dunnegan, 1 R., 354; Abney v. Bell, 7 R., 143.

L. A. FAUREST, ATTORNEY FOR APPELLEES.

1. The trustees of this district can not legally levy a tax on the patrons of the school, now, to pay for coal used for the years 1892 to 1902, inclusive. Ky. St., 4440, 4441, 4457, 4444, Barfield v. Gleason, 23 R., 129; Baptist Church v. McAtee, 8 Bush, 517; Grady v. Pruett, 23 R., 506; Constitution, secs. 157, 180.

2. It is alleged in the answer, and not controverted, that none of the taxes levied for incidental purposes came into the hands of these appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, Wm. A. Burkhart, recovered a judgment against the trustees of Common School District No. 63 of Hardin county for $68.40, with interest and cost, for coal furnished and used in the schoolhouse of the district, on which execution was issued and returned no property found. After notice to the trustees, he brought this action for a mandamus to compel the trustees of the common school district to levy and collect a capitation tax, under section 4444 of the Kentucky Statutes of 1903, on all persons having children attending the common  school  of the  district,  which would be sufficient to realize a sum sufficient to pay off his judgment.   The defendants in their answer allege that the account upon which plaintiff's judgment was rendered was for coal furnished to the district in separate amounts for each of the years from 1892 to 1902, inclusive, and should have been paid as incidental expenses by a levy of a capitation tax upon the patrons of the school for the amount furnished during each successive year; that there was a poll tax levied and collected by the trustees from the patrons of the school for each of these years for incidental expenses, and that no funds arising from such levy and collection for this purpose came into the hands of the present trustees of School District No. 63; that the patrons of the school were not the same as they were for the years in which the coal was actually furnished, and that they had no right or power to levy a tax upon the present patrons of the school to discharge indebtedness incurred in former years.   They allege that plaintiff was a trustee for several of the years in which the coal was furnished by him, and that it was his duty to have seen that a sufficient tax was levied to pay the incidental expenses of the school during such years, and that no indebtedness was incurred in excess of the levy for such purpose, and that

by his failure and negligence to do so he was estopped from calling upon them as his successors to do so. A general demurrer was filed to the answer by the plaintiff, which was overruled. He thereupon filed a reply denying the alleged estoppel. A demurrer was sustained to the reply, and, declining to plead further, his petition was dismissed.

Trustees of a school district have no power to levy or collect taxes, unless expressly authorized to do so by statute. Section 4440 of the statutes authorizes them to levy and collect a tax for the erection and equipment of a schoolhouse and for repairs thereto; section 4441 to pay indebtedness previously incurred in the erection and furnishing of a schoolhouse. But neither of these sections authorizes the levy of a tax to pay incidental expenses. The only other section of the school law which authorizes the levy of a tax is section 4444, which reads: "Unless there are sufficient funds on hand which may be used to pay the contingent expenses, incident to conducting the school comfortably, the trustees shall assess, and the treasurer of the district shall collect, a capitation tax of $1.50, or less, on all persons having children attending the school of the district, the same to be collected as provided in section 4443, and used to pay for fuel and other things needful to keep warm, clean and comfortable the house where the school is conducted." Under this section, the cost of keeping the schoolhouse warm, clean, and comfortable must be paid by persons having children attending the school at the time. The answer filed in this case does not allege that the capitation tax of $1.50 was levied and collected for each of the years in which the plaintiff furnished the coal to the district, but only that a capitation tax was levied for that purpose. It was plainly the duty of the trustees to have levied and collected a sufficient tax, upon persons having children attending the school, for each year, sufficient

to have defrayed the necessary expenses, and if, as a matter of fact, they failed to do this, then plaintiff is entitled to have a sum sufficient to pay for the coal furnished by him each year to the school levied and collected from the patrons of the school for that year, provided the levy for that year did not reach a maximum tax of $1.50. Of course, if the full tax was levied, and there were still debts in excess of it, there is no statutory authority for its payment. But appellant is entitled to be paid for his coal by the patrons of the school at the time it was furnished, if it is practicable to do so under the statute.

For reasons indicated, the judgment is reversed, and cause remanded with instructions to allow plaintiff to amend his petition, setting out definitely the amount of coal furnished each year, and the persons having children attending the school for such year, and for other proceedings consistent with this opinion.